IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WENDY R. SMOOT-LEE<br><br>Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH, INC. AND SHENA DANIELLE BURTON<br><br>Defendant. | Civil Action CV416-184 |

## NOTICE OF REMOVAL

COME NOW Defendant Corizon Health, Inc., by and through undersigned counsel of record, within the time prescribed by law, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully show to the Court the following:

1.

The case of <u>Smoot Lee v. Corizon Health, Inc. et al.</u>, was filed and is presently pending in the State Court of Chatham County, and is known as Civil Action No. CV16-00723 in that Court.

2.

Plaintiff in said action asserts a cause of action against Defendant Burton for assault and battery on Plaintiff while Defendant Burton was incarcerated in the Chatham County Detention Center. Plaintiff in said action also asserts a cause of

action against Defendant Corizon Health by claiming that Corizon Health was negligent in their provision of medical care and treatment for Defendant Burton while she was incarcerated at the Chatham County Detention Center.

3.

Plaintiff is a resident of Georgia.

4.

Defendant Corizon Health is a foreign corporation organized under the laws of Delaware with a principal place of business in Brentwood, Tennessee.

5.

Complete diversity exists between Plaintiff and Defendant Corizon Health in accordance with 28 U.S.C. § 1332(a)(1).

6.

The Plaintiff's complaint alleges and Defendant Corizon concedes that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

7.

Defendant Burton is of unknown residence in Georgia or any other state and as of the date of this filing has not been served in this matter, despite three separate attempts being made.

-3-

8.

The only cause of action asserted against Defendant Burton by Plaintiff has a statute of limitations of 2 years from the day the cause of action arose. O.C.G.A. § 9-3-33.

9.

Plaintiff's Complaint alleges that on May 27, 2014, Defendant Burton violently attacked her causing severe and permanent injuries. Plaintiff's Complaint at ¶13.

10.

Although Plaintiff filed her Complaint on May 16, 2016, service was not perfected on Defendant Burton within the two year statute of limitations, to wit, May 27, 2016.

11.

Additionally, Plaintiff has not attempted service on Defendant Burton since May 29, 2016.

12.

Upon information and belief, Defendant Burton has still not been served and has not acknowledged service of the Complaint.

13.

Timely filing of the complaint only tolls the statute of limitations if the plaintiff acts in a reasonable and diligent manner in attempting to make proper service as quickly as possible and that he was not at fault. *Pryor v. Douglas Shopper - the Coffee County News*, 236 Ga. App. 854, 856 (Ga. App. 1999). If the plaintiff cannot make such a showing, he is guilty of laches and service does not relate back to the time of filing of the complaint. *Id.* citing *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 S.E.2d 660) (1997).

14.

The claims Plaintiff makes against Defendant Burton and against Corizon Health have no real relationship to each other and are entirely separate and unrelated. Specifically, Corizon Health is not implicated in Plaintiff's claim against Defendant Burton for committing an intentional tort and Defendant Burton is not implicated in Plaintiff's negligence claim against Corizon Health.

15.

Corizon Health is informed, believes, and on that basis alleges that Defendant Burton was wrongfully and fraudulently joined as a party defendant for the sole purpose of attempting to deprive Corizon Health of its rights, as a nonresident of the State of Georgia, to remove this case to this federal court. In support of its claim that Defendant Burton was wrongfully and fraudulently joined

as a party defendant for the sole purpose of attempting to defeat this defendant's right to remove this case to federal court, Corizon Health alleges:

    a. Plaintiff has asserted claims against Defendant Burton which are wholly unconnected to Plaintiff's allegation against Corizon Health.

    b. Plaintiff has not diligently or reasonably attempted service on Defendant Burton, despite knowledge that the statute of limitation has expired for their sole cause of action against her.

16.

Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a), (b) because there is complete diversity of citizenship between the plaintiff and the only true defendant, and the only person properly joined as a defendant is not a citizen of the state in which the action is proceeding. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

17.

Venue properly rests in the Savannah Division of the United States District Court for the Southern District of Georgia, as this case is being removed from the State Court of Chatham County, Georgia, which sits and is located in the Savannah Division of the United States District Court for the Southern District of Georgia.

18.

Defendants executed an Acknowledgement of Service dated June 2, 2016, and this Notice is filed within thirty days thereof pursuant to the requirements of 28 U.S.C. § 1446(b).

19.

As required by 28 U.S.C. § 1446(a), the Defendants attach to this Notice of Removal a true and correct copy of all process, pleadings and orders as received by the Defendants is attached hereto as Exhibit "1" and incorporated herein by reference. The undersigned counsel for Defendants verify that Exhibit "1" is a true and complete copy of all pleadings and other documents filed in the State Court proceeding.

20.

No further proceedings have occurred in the subject action.

21.

There are no motions pending in the State Court action at the time of removal to this Court.

22.

Concurrently with this Notice, Defendant Corizon Health will file a true and correct copy of this Notice with the State Court of Chatham County, Georgia, as provided by law, and written notice is being sent to Plaintiff's counsel.

23.

The allegations of this Notice are true and correct and this case is removable to this Court.

24.

If any question arises as to the propriety of the removal of this action, Corizon Health respectfully request the opportunity to present a brief and oral argument in support of their position that this cause is removable.

WHEREFORE Defendant Corizon Health prays that the case be removed to the United States District Court for the Southern District of Georgia, Savannah Division.

Respectfully submitted this 1st day of July 2016.

    CARLOCK, COPELAND & STAIR, L.L.P.

    By: /s/ Thomas S. Carlock
        THOMAS S. CARLOCK
        State Bar No.: 110200
        EMILY C. WARD
        State Bar No. 500999

        Attorneys for Defendant
        Corizon Health, Inc.

One Ninety One Peachtree Tower
191 Peachtree Street, NE, Suite 3600
Atlanta, Georgia 30303
404-522-8220
tcarlock@carlockcopeland.com
eward@carlockcopeland.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by the CM/ECF system:

William R. Claiborne
Cameron C. Kuhlman
The Claiborne Firm, P.C.
410 East Bay Street
Savannah, GA 31401

S. Wesley Woolf
S. Wesley Woolf, P.C.
408 East Bay Street
Savannah, GA 31401
**Attorney for Plaintiffs**

This 1st day of July, 2016.

            By: /s/ Thomas S. Carlock
               THOMAS S. CARLOCK
               State Bar No.: 110200
               EMILY C. WARD
               State Bar No.: 500999

               Attorneys for Defendant
               Corizon Health, Inc.

Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
404-522-8220
..........
P.O. Box 56887
Atlanta, GA 30343-0887