IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WENDY R. SMOOT-LEE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV416-184
)
CORIZON HEALTH, INC. and SHENA )
DANIELLE BURTON, )
)
    Defendants. )
)

# ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 8.) For the following reasons, Plaintiff's motion is **GRANTED**. Accordingly, the case is **REMANDED** to the State Court of Chatham County for further proceedings. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

On May 16, 2016, Plaintiff filed a complaint in the State Court of Chatham County alleging damages stemming from a May 2014 attack at the Chatham County Detention Center ("CCDC"). (Doc. 1, Attach. 1.) Plaintiff, a deputy sheriff, alleged that Defendant Burton attacked her while Plaintiff was working at the CCDC. (Doc. 1, Attach. 1 ¶ 13.) Defendant Burton was a prisoner in the CCDC at the time. (Doc. 1 at 1.) Defendant Corizon Health, Inc. ("Corizon") had contracted with then-Sheriff St. Lawrence to provide physical and mental health care, screening,

assessment, treatment, and attention to those detained at the CCDC. (Doc. 1, Attach. 1 ¶ 4.)

The complaint alleged that Defendant Burton was a resident of Georgia. (Id. ¶ 5.) The complaint also alleged that Plaintiff had "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, [and] loss of ability to earn money", but did not specify the amount of damages. (Id. ¶ 21.) Nevertheless, on July 1, 2016, Defendant Corizon filed a Notice of Removal. (Doc. 1.) Defendant Corizon acknowledged that it was a foreign corporation organized under the laws of Delaware with a principal place of business in Tennessee. (Id. ¶ 4.) Defendant Corizon also acknowledged that Plaintiff was a Georgia resident. (Id. ¶ 3.) In support of its argument for diversity jurisdiction in this case, Defendant Corizon contended that the amount in controversy was greater than $75,000 (id. ¶ 6) and suggested that Defendant Burton was of "unknown residence" (id. ¶ 7).

On August 1, 2016, Plaintiff filed a Motion to Remand. (Doc. 8.) Plaintiff argued that Defendant Burton was a necessary party whose presence in the case destroyed diversity because she was a Georgia citizen (Id. at 2.) Plaintiff acknowledged that she had been unsuccessful in serving Defendant Burton, but stated that attempts to serve Defendant Burton were ongoing.

(Id. at 6.) Plaintiff also argued that Defendant Corizon had failed to properly allege an amount in controversy. (Id. at 2.) In response, Defendant Corizon noted that the two-year statute of limitation applicable to Plaintiff's claims against Defendant Burton ran on May 27, 2016. (Doc. 14 at 4.) Because Plaintiff has failed to serve Defendant Burton, her joinder was fraudulent. (Id.) Moreover, Defendant Corizon alleged that Plaintiff filed a worker's compensation claim based on her injury at the CCDC and requested $44,252 in wages and $27,300 in benefits per year. (Id. at 9.) Because Plaintiff is requesting at least two years of damages, Defendant contends that it has met its burden to show that the amount in controversy in this case exceeds $75,000. (Id.)

**ANALYSIS**

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a defendant removes a case originally filed in state court,

3

the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant Corizon contends that this Court has jurisdiction because the parties are diverse. See 28 U.S.C. § 1332. A federal court has diversity jurisdiction if the amount-in-controversy exceeds the sum or value of $75,000 and there is complete diversity between plaintiffs and defendants. Id. Complete diversity requires every plaintiff to have diverse citizenship from every defendant. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). "[T]he law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists." Ott v. Consol. Freightways Corp., 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002). Here, the face of the complaint shows a lack of complete diversity—both Plaintiff and Defendant Burton reside in Georgia.

Although the face of the complaint indicates an absence of jurisdiction, the action may be removable if the joinder of the nondiverse party is fraudulent. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The doctrine of fraudulent joinder is a judicially created exception to the rule of complete diversity that courts invoke in three situations. Id. First, if no possibility exists that the plaintiff can prove

4

a cause of action against the nondiverse defendant, joinder is deemed fraudulent. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute on other grounds, as recognized in Georgetown Manor Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993)). Second, where "outright fraud" exists in the plaintiff's statement of jurisdictional facts, joinder is fraudulent. Id. Third, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability, and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996) abrogated on other grounds by Cohen v. Office Depot, 204 F. 3d 1069 (11th Cir. 2000)). The burden of proving fraudulent joinder rests with the removing party. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In this case, Defendant Corizon alleges only the first kind of fraudulent joinder. Specifically, because the statute of limitation has already run on Plaintiff's claim against Defendant Burton, no cause of action exists.

While plaintiffs are required to file their complaint prior to the expiration of the statute of limitation in Georgia, they are not required to serve defendants within that time frame. Georgia allows these plaintiffs a five day grace period wherein

"[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." Giles v. State Farm. Mut. Ins. Co., 330 Ga. App. 314, 317, 765 S.E.2d 413, 417 (2014) (quoting Hilton v. Maddoz, Bishop, Hayton Frame & Trim Contractors, Inc., 125 Ga. App. 423 425, 188 S.E.2d 167 (1972)). However, the complaint may yet relate back to the date of its filing even where a plaintiff fails to perfect service within this five day window. "[W]here a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Id. (quoting Moody v. Gilliam, 281 Ga. App. 819, 820, 637 S.E.2d 759 (2006)). There is no question in this case that Plaintiff failed to serve Defendant Burton prior to the expiration of the statute of limitation or within the five day safe harbor provision contained in O.C.G.A. § 9-11-4(c). Accordingly, the sole question is whether Plaintiff, if she served Defendant Burton, could maintain a claim against Defendant Burton by showing that Plaintiff exercised diligence.

Many Georgia courts addressing this issue have varying understandings of what it means to be diligent in accordance with O.C.G.A. § 9-11-4(c). Compare Tenet Healthcare Corp. v. Gilbert, 277 Ga. App. 895, 904-05, 627 S.E.2d 821, 829-30 (2006) (reasonable diligence where defendants served within 7, 27, and 44 days of forwarding process papers to sheriff), overruled on other grounds by Giles, 330 Ga. App. 314; Milton v. Goins, 309 Ga. App. 865, 867, 711 S.E.2d 415, 417 (2011) (no diligence where affidavit "describes no more than a single attempt to effect service"), overruled on other grounds by Giles, 330 Ga. App. 314; Walker v. Culpepper, 321 Ga. App. 629, 630, 742 S.E.2d 144, 146 (2013) (no diligence where no attempt to serve between May 2011 and February 2012), overruled on other grounds by Giles, 330 Ga. App. 314; Classic Commercial Servs., Inc. v. Baldwin, 336 Ga. App. 183, 784 S.E.2d 44 (2016) (remanding for examination of whether 11 months for service was reasonable). This variety indicates that whether a plaintiff is diligent is a highly fact sensitive inquiry. In this case, Plaintiff has presented evidence that she attempted to serve Defendant Burton at least three times in May 2016, and conducted additional research in June and July to determine whether there was an accurate address at which Defendant Burton could be served. (Doc. 8 at 9.)

Based on this evidence, the Court is unable to conclude that there is no possibility that a Georgia state court would decline to entertain jurisdiction over Defendant Burton. As of the date of the motion to remand, Plaintiff appears to have conducted multiple searches for Defendant Burton and repeatedly attempted to serve her. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000) (restricting discovery in remand cases to facts present at the time of removal). While the time frame for service is narrowing, Plaintiff's behavior in effecting service has yet to reach the egregious levels of slothfulness in the cases discussed above. Even Defendant Corizon admits that it is possible a Georgia state court would conclude Plaintiff exercised reasonable diligence. For example, Defendant notes that "the time of Plaintiff to serve Ms. Burton . . . is quickly diminishing," and "the evidence shows that is in unlikely to serve Ms. Burton in a timely matter." (Doc. 14 at 6.) Both allegations seem to suggest that Defendant Corizon recognizes service on Defendant Burton may yet be effective.

In arriving at this conclusion, the Court is cognizant that "on a motion for remand, the federal court's analysis 'must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court.'" Florence v. Crescent Res., LLC, 484 F.3d 1293, 1298-99 (11th Cir. 2007) (quoting

Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997). Here, there is enough ambiguity as to whether a state court would conclude that Plaintiff has been diligent in attempting to serve Defendant Burton. Accordingly, the Court concludes that it is possible a Georgia state court could find that Defendant Burton was properly served and that the service related back to the date of the complaint's filing.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**. Accordingly, the case is **REMANDED** to the State Court of Chatham County for further proceedings. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 30th day of December 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] As the Court concludes that Plaintiff's motion should be granted because the the presence of Defendant Burton destroys diversity, the Court does not address any argument regarding the amount in controversy. However, the Court feels compelled to note that there is an additional problem with Defendant's Notice of Removal. (Doc. 1.) Defendant has alleged that Plaintiff is "a resident of Georgia." (Id. ¶ 3.) In federal court, however, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Accordingly, an allegation of residency is insufficient for Defendant to carry its burden.

9